IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

MITCHELL E. TIMMONS,                )
                                    )
            Plaintiff,              )
                                    )
v.                                  )   Case No. CIV-16-172-RAW-KEW
                                    )
NANCY A. BERRYHILL, Acting          )
Commissioner of Social              )
Security Administration,            )
                                    )
            Defendant.              )

**REPORT AND RECOMMENDATION**

Plaintiff Mitchell E. Timmons (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or

impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

(10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on September 16, 1969 and was 44 years old at the time of the ALJ's decision. Claimant completed his education through the tenth grade with special education classes. Claimant has worked in the past as a equipment mechanic, tractor operator, truck driver, driller, driller's helper, construction worker, and tank truck driver. Claimant alleges an inability to work beginning February 16, 2012 due to limitations resulting from degenerative disc disease, a broken back, severe neck pain, carpal tunnel

syndrome, metal in his eye, and blurred vision.

## Procedural History

On February 16, 2012, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On April 16, 2014 Administrative Law Judge ("ALJ") Doug Gabbard, II conducted an administrative hearing in McAlester, Oklahoma. On September 11, 2014, the ALJ issued an unfavorable decision. On March 4, 2016, the Appeals Council denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he retained the RFC to perform a limited range of light work.

## Error Alleged for Review

Claimant asserts the ALJ committed error in failing to find Claimant met or equaled a listing.

4

## Consideration of a Listing

In his decision, the ALJ determined Claimant suffered from the severe impairments of degenerative disc disease, borderline intellectual functioning, affective personality disorder, and substance addiction disorder. (Tr. 25). The ALJ concluded that Claimant retained the RFC to perform light work except that he could do work which needed little or no judgment to do simple duties that can be learned on the job in a short period of time but he must only be required to understand, remember, and complete detailed instructions because he had marked limitations in the area. Claimant's supervision must be simple, direct, concrete, and non-threatening. He must work in a setting where he can frequently work alone and where interpersonal contact with supervisors and co-workers must be incidental to the work performed, with no assembly work, but because of problems with concentration, persistence, and pace he must not be required to work at production line speeds, where there was a requirement for only occasional adaptation to workplace changes and there was not contact with the general public with frequent climbing of ramps and stairs, occasional climbing of ladders, ropes, and scaffolds, frequent balancing and occasional stooping, kneeling, crouching, and crawling, only occasional bilateral overhead reaching. Claimant must avoid concentrated

5

exposure to extreme cold and hazards such as dangerous moving machinery and unprotected heights. (Tr. 28).

After consulting with a vocational expert, the ALJ concluded Claimant could perform the representative jobs of housekeeper, and convey line backer, both of which were found to exist in sufficient numbers in both the regional and national economies. (Tr. 33). As a result, the ALJ found Claimant was not disabled from February 16, 2012 through the date of the decision. Id.

Claimant contends that the ALJ erred in not finding Claimant met Listing 12.05C pertaining to mental retardation. The ALJ is required to follow the procedure for determining mental impairments provided by regulation. 20 C.F.R. §§ 404.1520a, 416.920a; *See*, Listing of Impairments. The procedure must be followed for the evaluation to be considered valid. Andrade v. Sec. of Health & Human Services, 985 F.2d 1045, 1048 (10th Cir. 1993). The ALJ must first determine whether there are medical findings of mental impairment especially relevant to the ability to work found in Part A of the Listing of Impairments. 20 C.F.R. §§ 404.1520a(b)(2), 416.920a(b)(2). Additionally, Claimant must show he satisfies two of the following required restrictions: (1) marked restriction in activities of daily living; or (2) marked difficulties in maintaining social functioning; or (3) marked difficulties in

6

maintaining concentration, persistence, or pace; or (4) repeated episodes of decompensation, each of extended duration. 20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.00C, 12.04. The ALJ must then either evaluate the degree of functional loss resulting from the impairment, using the Part B criteria, or examine the special criteria set forth in the listings for evaluating the severity of particular impairments. In asserting a condition meets a listing, a claimant bears the burden of demonstrating that his impairment "meet[s] all of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severe, does not qualify." Sullivan v. Zebley, 493 U.S. 521, 530 (1990).

To meet or equal Listing § 12.05C, a claimant must demonstrate the following:

> 12.05 Mental Retardation: Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
>
> * * *
>
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function.
>
> * * *
>
> 20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 12.05C.

7

Claimant must satisfy all of these required elements for a Listing to be met. Sullivan v. Zebley, 493 U.S. 521, 530 (1990). The Social Security Administration's Program Operations Manual System ("POMS") No. DI 24515.056(D)(1)(c) provides the following instructions under Listing 12.05C:

> Slightly higher IQ's (e.g., 70-75) in the presence of other physical or mental disorders that impose additional and significant work-related limitations of function may support an equivalence determination. It should be noted that generally higher the IQ, the less likely medical equivalence in combination with another physical or mental impairment(s) can be found.
>
> POMS DI 24515.056(D)(1)(c).

"This evaluation tool, however, is used only when 'the capsule definition'" — i.e., the introductory paragraph—of Listing 12.05 is satisfied. Crane v. Astrue, 369 F. Appx. 915, 921 (10th Cir. 2010) (quoting POMS DI 24515.056(B)(1)). The introductory paragraph or "capsule definition" of Listing 12.05 requires a claimant to satisfy three criteria: (1) "significantly subaverage general intellectual functioning;" (2) "deficits in adaptive behavior;" and (3) "manifested deficits in adaptive behavior before age 22." Wall v. Astrue, 561 F.3d 1048, 1062 (10th Cir. 2009); Randall v. Astrue, 570 F.3d 651, 661 (5th Cir. 2009).

The ALJ's decision reflects that he considered Listings 12.02, 12.04, 12.08, and 12.09 in his decision. (Tr. 26). He found Claimant was moderately limited in the functional areas of activities of daily living, social functioning, and in

8

concentration, persistence, or pace. He also concluded Claimant had no episodes of decompensation of extended duration. (Tr. 27).

On August 22, 2012, Claimant was evaluated by Dr. B. Todd Graybill, a clinical psychologist. Dr. Graybill administered the WAIS-III test where he concluded Claimant demonstrated a Verbal IQ of 73, Performance IQ of 72, and a Full Scale IQ of 70, placing him in the borderline range of intellectual functioning. Dr. Graybill concluded Claimant was able to understand, retain, and follow simple instructions. His attention span and concentration abilities were impaired commiserate with his overall intellectual level. Dr. Graybill also noted Claimant was angry, impatient, and dramatic in his manner. (Tr. 343).

While the ALJ should have considered Listing 12.05C in his decision given the evidence of record, the fact remains that Claimant bears the burden at step three to provide the evidence to satisfy the requirements of the particular listing. In this particular case, the record is devoid of any evidence that Claimant's impairment existed prior to the age of 22. All of the required elements must be demonstrated. The only evidence of record consists of Claimant's high school transcript from Keota, Oklahoma. (Tr. 271). This transcript reflects passing grades until Claimant dropped out of school. This evidence is insufficient to demonstrate the required deficits in adaptive functioning prior to the age of 22.

**Conclusion**

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**. The parties are herewith given fourteen (14) days from the date of the service of this Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 10th day of May, 2017.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE